UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20307-CR-HUCK/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERTO MARCH, JR.
    Defendant.
_____/

### ORDER APPOINTING COUNSEL NUNC PRO TUNC

    This matter arose upon the letter submitted by Barry T. Shevlin, Esq., requesting that the date of his appointment in this case be made retroactive to December 2005, which is the date he began representing this Defendant in connection with this case and Case No. 04-20191-CR-Ungaro-Benages (letter dated October 30, 2006). The Honorable Paul C. Huck, United States District Judge, has referred this matter to the undersigned United States Magistrate Judge (DE # 20).

    A review of the record reflects that Mr. Shevlin was appointed by the Court on November 30, 2005 to represent this Defendant in Case No. 04-20191 (DE # 101). Mr. Shevlin was not formally appointed in the case at bar, however, until June 7, 2006, when the Defendant made his initial appearance in this case. This case was initially filed in the Eastern District of California, and was transferred here pursuant to Rule 20 of the Federal Rules of Criminal Procedure. The undersigned Magistrate Judge appointed Mr. Shevlin to represent Defendant March in this case because he had already performed work in this matter in connection with the negotiation of a global plea agreement that resolved both this case and Case No. 04-20191 (DE # 12). An examination of the plea agreement filed in Case No. 04-20191 reflects that it was signed by the Defendant and

Mr. Shevlin on April 10, 2006, and that it disposes of both this case and the case then pending in the E. D. Cal. (DE # 128).  The undersigned has examined the vouchers submitted by Mr. Shevlin in this case and Case No. 04-20191, and has determined that there was no duplication of work, and that he divided his time between the two cases.  The amount of work performed, based upon the nature of these complex cases, is reasonable and the undersigned finds that the interests of justice require that he be compensated for such work.

Title 18, United States Code, Section 3006A ("the Act") authorizes the Court to appoint counsel to represent a defendant "if satisfied after appropriate inquiry that the person is financially unable to obtain counsel."  Moreover, "such appointment may be made retroactive to include any representation furnished ... prior to appointment."  See *United States v. Perry*, 471 F.2d 1069 (D.C. Cir. 1972).  Finally, the Act provides expressly that "if the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate."  18 U.S.C. § 3006A(c); *United States v. Littlehale*, 2004 WL 1087374 (S.D. Ind. 2004) (rejecting claim for $125,000 in fees, but approving payment of statutory maximum available without a waiver, *i.e.*, $5,200, where client had paid no money to counsel before declaring bankruptcy, and court denied motion to withdraw).

Based upon the above facts and legal authority, the undersigned concludes that it is appropriate under the circumstances of the case at bar to amend the date of appointment of counsel in this case to reflect that it is effective December 1, 2005.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that the Letter/Motion to Amend the date of

appointment is **GRANTED**, and the date of appointment of Barry T. Shevlin, Esq. to represent Defendant Roberto March in the case at bar pursuant to 18 U.S.C. § 3006A shall be amended, and shall be made effective as of December 1, 2005, nunc pro tunc.

**DONE AND ORDERED** in chambers in Miami, Florida, on November 3, 2006.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Paul C. Huck, United States District Judge
All counsel of record
Lucy Lara, Office of the Clerk of Court